Turlev, J.
delivered the opinion of the court.
The only question presented in this case is, whether under the provisions of the act of 1833, c 65, § 2, two justices may grant writs of certiorari and swpersedcas to remove the proceedings in a writ of iorcible entry and detainer into the circuit court. The act provides, that two justices may grant a certiorari and supersedeas to remove the judgment and proceedings of justices of the peace, returnable to the circuit court of their county, subject to the same rules as now regulate certiorari’s as granted by a circuit court. The question *234 then is, is a writ of forcible entry and detainer, and a judgment thereon, the judgment and proceedings of justices of the peace. We think they are. By the provisions of the act of 1823, c 14, regulating the mode cf proceeding by writ of forcible entry and detainer, jurisdiction in such cases is expressly and exclusively given to justices of the peace, and their judgment can only be revised in the circuit court by a writ of certiorari. The case is within the express words of the act of 1833, c 65, § 2, and however we may regret, that such a power has been delegated to justices of the peace, yet, as it is our duty to expound the law, and not to make it, we are constrained to enforce the provisions of the statute. Let the judgment be affirmed.
Judgment affirmed.